Pee ctjeiam:
Although the reference of the claims to the commissioner was for the purpose of ascertaining, through him, the facts pertaining to each particular claim, the court reserving to itself the settlement of all questions of law, still, as counsel on both sides have agreed upon the facts applicable to each class of claims and united with the commissioner in requesting the opinion of the court, we will endeavor to comply therewith, as it may enable the commissioner the better to classify claims arising under different circumstances.
A letter carrier is not-“ employed ” to work more than eight hours a day within the meaning of the act of May 24, 1888 (1 Supp. R. S., 587), unless he be “ engaged in active postal duties,” with the knowledge and consent of the postmaster, who is the agent of the Government to direct such employment, and such knowledge and consent can not be presumed or implied in the face of instructions from the Post-Office Department or the postmaster, of which the carrier has notice, that no overtime shall be made.
•Subordinates have no authority to require such overtime service without the consent of the postmaster, as such consent is essential to constitute an employment of which the carrier is bound to take notice.
Under the various schedules set forth in the agreed facts, arranged so as to bring the carrier’s time within the eight-hour limit, as required by the Post-Office Department, a collecting carrier’s duty began from whatever place he started, with or *497 without his satchel and keys (implements of work), when he reached the first mail box on his first and succeeding schedule tours of collection, and his duty ended with each tour when he had delivered such mail matter at the post-office and faced it up.
The carrier, having entered upon the discharge of his duties knowing what the schedules required, he is bound by them, and therefore whatever intervals of time may have existed between end of duty and the time required to reach the first mail box on his second and succeeding schedule tours of col-' lection were his own, during which time he was not employed or engaged in active postal duties, and he is not therefore entitled to extra pay therefor.
Under the schedules arranged so as to bring the delivery carrier’s time within the eight-hour limit, as required by the Post-Office Department, a delivery carrier’s duty thereunder began when he necessarily arrived at the post-office or other station to enter upon his several schedule tours of delivery, and his duty thereunder ended on his return, as required by the Post Office Department, to the office or station from which he started, if he did so return; otherwise his duty ended when and at the place he completed such delivery.
Having entered upon his duties knowing what the schedules required he is bound- by them, and consequently the intervals of time occupied by such carrier in going to and returning from his home or elsewhere, with or without his satchel, were his own, during which time he was not employed or engaged in active postal duties, and therefore he is not entitled to extra pay therefor.
The commissioner will be governed by what is said above in his investigation of the facts, and report to this court accordingly.
Pott, Ch. J,, did not sit in this case and took no part in the decision.